occurring abroad, which are material to sustain a prosecution here for a crime committed here.  The marriage of the defendant might be proved by his admission of the fact, or by general repute.  Gen. Sts. *c.* 106, § 22.  His statement that he had a wife in England, and his inquiry as to the effect of getting a divorce from her, were sufficient evidence against him that she was still alive.  His speaking of another woman, living in his house, as his wife, was sufficient evidence that he was cohabiting with her as such.  It does not appear that the officer held out any such threats or inducements as to make the defendant's admissions incompetent evidence.        *Exceptions overruled.*

COMMONWEALTH *vs.* THOMAS CUMMINGS.

Bristol.    October 24, 1876.    DEVENS & LORD, JJ., absent.

On a complaint for keeping intoxicating liquors for sale in violation of law, if the keeping of the liquors is admitted and the defendant testifies that he expected to get a license, and did not sell, but gave, liquor to his friends, the jury may take into consideration the fact that none of these friends are called to corroborate the defendant's testimony.

COMPLAINT under the St. of 1875, *c.* 99, to the Third District Court of Bristol, charging the defendant with keeping intoxicating liquors with intent to sell the same, in violation of law.

At the trial in the Superior Court, on appeal, before *Allen,* J., two police officers, of New Bedford, testified that they went into the defendant's place in New Bedford, being the basement in the rear of his dwelling-house, at about nine o'clock in the evening, July 14, 1876, and found six or seven men, whom they did not know, sitting around a table ; that there were cards on the table ; that there was a bar in the room, on which was a pitcher about half full of ale with froth on it, a bottle with about a half pint of gin in it, and tumblers turned on a drainer.  There was no other evidence of what the men sitting at the table were doing, except what might be inferred from the above.  The two officers testified that in an adjoining room they found a barrel with about four gallons of ale in it, with a faucet, and a two

gallon and a quart measure under it, and in a chest several bottles and jugs containing whiskey and various other intoxicating liquors.

The defendant called no witnesses; but testified that what the two officers testified to as to the condition of things at the basement was true, and that the men in there were acquaintances of his; that he had purchased the ale for his own use, and not for sale, a week before, or thereabouts; that during the year preceding the first of May, he had a license to sell intoxicating liquors, and had fitted up the bar for that purpose, and the liquors found were of the stock he had on hand the first of May, and that he had not sold nor had any intention to sell any of the liquors found there unless he procured a license for the present year, which he had not been able to do; that he had frequently treated his friends from the ale and other liquors, and had treated those who were there with ale and with gin.

In his argument the district attorney commented upon the fact, that none of the men sitting at the table when the officers came in had been called as witnesses. And the judge in charging the jury, called their attention to the fact of the presence of these men, and instructed them that if there was evidence to rebut the evidence of the government, which the defendant could procure and he did not call them, and as a reasonable man he ought, it was a fact for them to consider, and to give it such weight as they thought it ought to have.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown*, for the defendant.

THE COURT, stopping *C. R. Train*, Attorney General, for the Commonwealth,                    *Overruled the exceptions.*